E-FILED
Wednesday, 17 June, 2026 02:23:27 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| MICHAEL J. SCHRAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 26-4019 |
| | ) | |
| DARREN HART, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**MERIT REVIEW ORDER**

Plaintiff, proceeding pro se and presently detained at Rock Island County Jail, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that he is a practicing Hebrew Israelite, and, as part of his faith, he requires a Kosher diet. Plaintiff alleges that he requested same, but that the "special tray" officials provided was a lacto-ovo-vegan tray. Plaintiff alleges that Defendant Jane Doe #2 denied him a job as a trustee because Plaintiff refused to cancel his request for a special tray.

Plaintiff states a claim pursuant to the Religious Land Use and Institutionalized Persons Act against Defendant Hart in his official capacity and a First Amendment free exercise claim against Defendants Holton, Young, and Jane Does #1-3 in their individual capacities. Plaintiff does not state a First Amendment claim against Defendant Hart because no plausible inference arises that this defendant was personally responsible for Plaintiff's diet trays, and he cannot prevail against high-level officials just because they were in charge. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."); *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

### Plaintiff's Motion to Request Counsel (Doc. 5)

Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff has not shown that he made a reasonable effort to obtain counsel on his own. A plaintiff usually does this by attaching copies of letters sent to attorneys seeking representation and copies of any responses received. Plaintiff's unsubstantiated statement that he sent a letter requesting a list of attorneys is not sufficient. *Balle v. Kennedy*, 73 F.4th 545, 559-60 (7th Cir. 2023); *Tackett v. Jess*, 853 F. App'x 11, 16-17 (7th Cir. 2021). Because Plaintiff has not satisfied the first prong, the Court does not address the second. *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). Plaintiff's motion is denied with leave to renew.

**Plaintiff's Motion for Reconsideration (Doc. 11)**

Plaintiff states in his motion that he is unable to pay the $2.97 filing fee by the deadline imposed in the Court's February 3, 2026, Text Order. The Court does not have authority to waive the filing fee, and to the extent Plaintiff asks the Court to do so, the request is denied. The Court, however, will grant Plaintiff additional time to pay the initial partial filing fee. Plaintiff shall pay the $2.97 initial partial filing fee within 60 days of this Order.

**IT IS THEREFORE ORDERED:**

1. **Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states a claim pursuant to the Religious Land Use and Institutionalized Persons Act against Defendant Hart in his official capacity and a First Amendment free exercise claim against Defendants Holton, Young, and Jane Does #1-3 in their individual capacities. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.**

2. **This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give notice to the defendants and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.**

3. **The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.**

4. **With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.**

5. **The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the**

defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

6.      This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

7.      Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

8.      The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9.      If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10.     The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

11.     The clerk is directed to attempt service on Darren Hart, Holton, and Christopher Young pursuant to the standard procedures.

12.     Plaintiff's Motion [5] is DENIED with leave to renew.

13.     Plaintiff's Motion [11] is GRANTED in part and DENIED in part. Plaintiff shall pay the $2.97 initial partial filing fee within 60 days of this Order.

Entered this 17th day of June, 2026.

*s/Sara Darrow*
SARA DARROW
UNITED STATES DISTRICT JUDGE